# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Kent Fitch,<br><br>                  Petitioner,<br><br>vs.<br><br>Mary M. Mitchell, Warden,<br><br>                  Respondent. | ) C/A No. 9:10-00952-HFF-BM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>) |

The instant habeas petition, filed pursuant to 28 U.S.C. § 2241, alleges that the sentencing court lacked "jurisdiction to charge Petitioner" with at least two of the offenses for which he is currently in federal prison. Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA),Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).



1

*Pro se* documents are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even when considered under this less stringent standard, however, this *pro se* petition is subject to summary dismissal, as the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Petitioner indicates that he was convicted of the offenses of bank fraud, access device fraud, laundering monetary instruments, and money laundering on October 19, 2007 in the United Stated District Court for the District of Nevada. Petitioner was sentenced to two hundred and sixty-two (262) months of incarceration.

The instant pleadings claim that the "District Court had no jurisdiction to charge Petitioner with Bank Fraud or Money Laundering, in violation of the Due Process of Law and Equal Protection." *See* Petition, page 3; Memo in Support, page 2. Petitioner alleges that, because the Federal Deposit Insurance Corporation (FDIC) does not cover bank fraud, and the bank involved in Petitioner's offenses was privately owned, that the State of Nevada, rather than federal authorities, had jurisdiction over his criminal case. *See* Memo in Support, page 2.

The docket in Petitioner's criminal case, *United States v. Fitch*, 2:04-CR-262-JCM-PAL (D. Nev. Dec. 12, 2007), indicates that Petitioner currently has an appeal of his

2

conviction pending in the Ninth Circuit Court of Appeals. It does not appear that Petitioner has filed a motion pursuant to 28 U.S.C. § 2255 regarding the challenged conviction.

## Discussion

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2nd Cir. 1997). However, in 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. *In re Dorsainvil*, 119 F.3d 245, 249 (3rd Cir. 1997). The enactment of § 2255 was also needed, "[b]ecause pertinent court records and witnesses were located in the sentencing district [and] it became impractical to require these petitions to be filed in the district of confinement." *Dumornay v. United States*, No. 93-1402, 1994 WL 170752, at *1 (10th Cir. May 5, 1994). Thus, "the remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy". *Id.*, citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Since relief granted pursuant to § 2255 "is as broad as that of habeas corpus 'it supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention'". *Id.* at *2, quoting *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963). *See also Waletzki v. Keohane*, 13 F.3d 1079, 1080, (7th Cir.1994) ("a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255").

Although § 2255 expressly prohibits a prisoner from using § 2241 to challenge a conviction and sentence, § 2255 does contain a "savings clause." This "savings clause" allows a prisoner to challenge the validity of a conviction under § 2241, **if** the prisoner can demonstrate



3

that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (e). The Fourth Circuit Court of Appeals, in *In re Jones*, 226 F.3d 328 (4th Cir.2000), set forth the test to determine whether a §2255 motion should be considered inadequate or ineffective. In order to invoke the "savings clause," a petitioner must demonstrate that: "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333-334.

In the instant action, Petitioner fails to allege that a motion under § 2255 would be inadequate or ineffective to test the legality of his conviction, nor does Petitioner present any facts to indicate that he meets any of the aforementioned *Jones* criteria, required to invoke the "savings clause" of § 2255. As Petitioner seeks to challenge a federal conviction, but fails to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention, Petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, is subject to dismissal.

Recommendation

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the Respondent. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).



4

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

April 27, 2010
Charleston, South Carolina

5

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



6